PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY ANN CORNS, | ) | |
| | ) | CASE NO. 5:23CV1807 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GERVASI VINEYARD & ITALIAN | ) | |
| BISTRO, LLC, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 10] |

Pending before the Court are Defendants Gervasi Vineyard & Italian Bistro, LLC and Gervasi 1700 LLC's Motion to Disqualify Attorney Robert Kapitan and Motion for Sanctions. ECF No. 10. The motions have been fully briefed and the Court has held a hearing.[1] *See* Minutes of proceedings, 11/29/2023.

As explained below, the Court grants Defendants' motion, in large part. Attorney Kapitan is disqualified from the instant case, barred from recovering attorney's fees from the instant case, and ordered to reimburse Defendants' attorneys' fees for removing the case, bringing the motion for sanctions, and attending the hearing.

---

[1] Present for Plaintiff were Attorney Robert Kapitan, with his personal counsel, Andrew Dorman, and Attorney Thomas Holmes, co-counsel for Plaintiff, along with Defense counsel, Kristen Moore and Gary Corroto. Defendants' Representative Scott Swaldo was also present. Minutes of proceedings, 11/29/2023.

(5:23CV1807)

# I.

A.  *Gervasi I*

This case is related to one previously filed, ("*Gervasi I*").  See DeWitt v. Gervasi Vineyard & Italian Bistro, LLC, No. 5:22CV0476, 2023 WL 423244 (N.D. Ohio Jan. 25, 2023) In *Gervasi I*, Plaintiffs pursued claims under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") against Defendants Gervasi Vineyard & Italian Bistro, LLC and Gervasi 1700, LLC.  The Court approved the parties' jointly filed stipulation regarding conditional certification and the issuance of a modified neutral notice to potential collective action members.  *Id.* at *2.  Approximately one month later, Defendants filed a motion for sanctions, claiming that Plaintiffs' counsel had violated the Court's authorized notice procedure by sending highly prejudicial and improper electronic mail notices to the putative class encouraging them to join the suit contrary to federal law and the notice procedure approved by the Court.  *DeWitt,* 2023 WL 423244 at *6.

In January 2023, the Court ultimately found that Plaintiffs' counsel failed to issue a neutral notice but instead issued a notice encouraging participation in the collective action.  As a sanction, the Court granted Defendants' alternative request and decertified the putative class, and awarded attorney's fees to Defendants.  *Id.* at *7.  In its ruling, the Court plainly stated "[t]he other 34 opt-in Plaintiffs are dismissed without prejudice.  They will have the right to initiate their own action should they choose to do so.  But, The Lazzaro Law Firm, LLC cannot represent them, and cannot recover any fees or costs, for representing them in the present case." *Id.*  There is no dispute that Holly Ann Corns, the Plaintiff in the instant case, was among the 34 opt-in plaintiffs dismissed from *Gervasi I*.

2

(5:23CV1807)

The Court's Order disqualifying the Lazzaro Law Firm is the basis for Defendants' motions in the instant motion.  Essentially, Defendants request that the Court enforce its previous Order disqualifying The Lazzaro Law Firm from representing the opt-in plaintiffs dismissed in *Gervasi I*.  The Court, therefore, treats the instant motions as ones to enforce the Court's previous Order and for the imposition of additional monetary sanctions.

B.  *Instant Case*

On July 17, 2023, Plaintiff Corns filed this action in state court, alleging a state law claim of unpaid minimum wage.  The following month, Plaintiff amended her complaint to add a federal FLSA claim and sought to certify the case as a collective action.  Reasonably soon thereafter, Defendants filed their motion to disqualify and for sanctions.  Specifically, Defendants request that Attorney Kapitan be disqualified from this case, barred from receiving attorney's fees from this case and forced to disgorge those fees received from *Gervasi I*.  ECF No. 10.  In sum, Defendants argue that that Attorney Kapitan intentionally and wrongfully attempted to evade the Court's sanction imposed in *Gervasi I* by filing in state court and under a different law firm's name, Kapitan Legal Services.  ECF No. 10-1.  Attorney Kapitan responds in opposition, claiming that disqualification is not justified.  ECF No. 12.

**II.**

Attorney Kapitan's written response (ECF No. 12) is concerning for several reasons.  It conveys both his clear understanding of the Court's Order in *Gervasi I* and his blatant violation of that Order.  *See* ECF No. 12.  In his written opposition, Attorney Kapitan attempted to justify his breach of both the language and spirit of the *Gervasi I* ruling by, among other things,

3

(5:23CV1807)

denigrating the Court's inherent authority to something less than its peers, the rules and laws governing the behavior of attorneys.[2]

"It is completely unacceptable for an attorney to defy an order of a federal court flagrantly and purposefully, even if the decision to do so is premised on a good-faith disagreement over the scope or validity of that order."[3] *Banner v. City of Flint*, 99 Fed.Appx. 29, 40 (6th Cir. 2004) (citing *N. Am. Coal Corp. v. Local Union 2262, United Mine Workers of Am.*, 497 F.2d 459, 465 (6th Cir. 1974)). "Imposition of sanctions comes from the court's power to police itself, so that a court can vindicate its authority without resorting to a finding of contempt of court." *Id.* at 37. (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

The law regarding the Court's ability to impose sanctions has not been diminished since *Gervasi I*. In that case, the Court remarked:

> Courts have the inherent power to sanction litigants for conduct that constitutes an abuse of the judicial process. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944), *overruled on other grounds*, *Standard Oil Co. v. United States*, 429 U.S. 17, 18, 97 (1976); *see also Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986) (courts have the inherent power to punish with sanctions those who litigate in bad faith). "These powers come not from rule or statute but from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "Even if there [are] available sanctions under statutes or various rules in the Federal Rules of Civil Procedure . . . the inherent authority of the Court is an independent

---

[2] Attorney Kapitan also cites concern about *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023) to justify filing this case in state court. Because Attorney Kapitan filed this case in state court two months after *Clark* was decided, the Court is not persuaded that Attorney Kapitan brought this claim in state court solely because of *Clark*. Even if he had, that does not permit him to disregard an Order of the Court. Similarly, Attorney Kapitan's reliance on a case regarding disqualification due to a conflict-of-interest is misplaced.

[3] At no time did Attorney Kapitan seek clarification of the *Gervasi I Order*.

4

(5:23CV1807)

> basis for sanctioning bad faith conduct in litigation." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) (footnote omitted). "A district court may impose sanctions pursuant to its inherent authority 'to control the litigants before it and to guarantee the integrity of the court and its proceedings.'" *Holmes v. U.S. Bank*, No. 1:07-CV-695, 2009 WL 1542786, at *6 (S.D. Ohio May 28, 2009) (quoting *First Bank of Marietta*, 307 F.3d at 512). Courts may use their inherent authority to sanction a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" or who has engaged in conduct that was "tantamount to bad faith." *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502–03 (N.D. Ohio 2013) (quoting *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)). A court may even dismiss a case in its entirety if warranted by a "plaintiff's bad faith, fraudulent conduct, and abuse of the judicial process." *Jones v. Bergh*, No. 2:08-cv-128, 2011 WL 5180569, at *2 (W.D. Mich. Oct. 31, 2011); *see also Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019).

*DeWitt*, 2023 WL 423244 at *5. Attorney Kapitan's defiance of the *Gervasi I* Order, is sanctionable conduct pursuant to the Court's inherent power.

### III.

There being no doubt about the Court's inherent authority to impose sanctions for violations of its orders, the other issue for resolution is whether Attorney Kapitan is subject to the Order issued in *Gervasi I* disqualifying The Lazzaro Law Firm from representing the 34 opt-in plaintiffs.[4] Attorney Kapitan offers his solo law firm as an exclusion to application of the

---

[4] Attorney Kapitan tauts that he has maintained his own firm since 2018 but failed to mention his continued association with The Lazzaro Law Firm. In fact, Attorney Kapitan remains on The Lazzaro Law Firm, LLC website, and is listed as Counsel with that firm on another case currently pending in the Northern District of Ohio. Robert Kapitan, *The Lazzaro Law Firm, LLC*, https://www.lazzarolawfirm.com/2018/10/robert_b_kapitan.php (last visited December 7, 2023); *Saxton v. Artiflex Manufacturing*, *LLC*, 3:23CV02075, https://1.next.westlaw.com/Document/I952DE28371C911EE95C5D81A4CB91B8C/View/FullText.html?originationContext=typeAhead&transitionType=Default&contextData=(sc.Default) (last visited December 7, 2023).

5

(5:23CV1807)

Court's Order in *Gervasi I*.[5]  The *Gervasi I* Order referred to "Plaintiffs' Counsel," and plainly sought to address all attorneys representing the 34 opt-in plaintiffs who were associated with the Lazzaro Law Firm.  That ruling included Attorney Kapitan.

It is disingenuous for Attorney Kapitan to deny his disqualification.  Attorney Kapitan served as lead counsel in *Gervasi I*, communicated with defense counsel after the improper notices had been sent to prospective opt-in plaintiffs[6], signed the plaintiffs' Memorandum in Opposition to Defendant's Motion for Sanctions, and "promised that *his* firm would turn off the improper reminder emails for each of the putative class members." *DeWitt v. Gervasi Vineyard & Italian Bistro, LLC*, No. 5:22CV0476, 2023 WL 423244 at *4 (N.D. Ohio Jan. 25, 2023) (emphasis added).  Therefore, Attorney Kapitan's argument that he did not participate in the dissemination of the improper notice is without merit.

The Court's Order in *Gervasi I* unequivocally disqualified The Lazzaro Law Firm, meaning *all* attorneys associated with that firm, representing the 34 opt-in plaintiffs, including Attorney Kapitan.  Attorney Kapitan acted in bad faith by violating the letter and spirit of the Court's ruling.

---

[5] The Court acknowledges that the Ohio Board of Commissioners on Grievances & Discipline determined, in Advisory Opinion 13-01, that "a lawyer may practice in more than one firm at the same time if the practice otherwise complies with the Rules of Professional Conduct." Advisory Opinion 2013-01.

[6] In *Gervasi I*, Plaintiffs' counsel acknowledged that "Attorney Kapitan . . . emailed Attorney Moore to let her know the messages would be sent later and he may be available later that day if she wished to discuss the email notification and reminder notice." ECF No. 10-3 at PageID#: 270.

6

(5:23CV1807)

## IV.

In addition to disqualification, Defendants request that Attorney Kapitan: be barred from receiving attorney's fees for work performed in the present action, reimburse Defendants the attorney fees incurred in bringing this motion and in removing this action to federal court, and disgorge fees received from the *Gervasi I* settlement.

The authority recited above and in *Gervasi I* are applicable to these requests.  See *DeWitt*, 2023 WL 423244 at *5.  A district court has the inherent power to sanction a party who exhibits bad faith, including refusal to comply with the court's orders.  *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (citing *Chambers v. Nasco*, 501 U.S. 32, 43-50 (1991)).  Furthermore, the Sixth Circuit has found that "[w]hen an attorney or litigant has demonstrated bad faith in the conduct of litigation, the court has the inherent authority to assess an award of attorneys' fees." *Banner v. City of Flint*, 99 Fed. Appx. 29, 36-37 (6th Cir. 2004) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980)).  The sanctionable conduct here occurred when Attorney Kapitan brought this case on behalf of Holly Ann Corns, one of the 34-opt in plaintiffs from *Gervasi I*, that the Court barred him from representing.

Therefore, the Court finds that Defendant is entitled to reimbursement of attorney's fees associated with bringing the instant motion, removing the case to federal court, and traveling to the hearing.  The Court does not find that it would be reasonable to order disgorgement of the attorney fees from in *Gervasi I*.  See *Banner v. City of Flint*, 99 Fed. Appx. 29 (6th Cir. 2004) ("The final question is the reasonableness of the sanctions imposed.").[7]

---

[7] As discussed with the parties, Federal Rule of Evidence 408 limits the use of information and evidence resulting from settlements or compromise.  *Gervasi I* resolved

7

(5:23CV1807)

## V.

Defendants, in anticipation of the hearing on their motions, submitted an Affidavit/Declaration Regarding Attorney Fees. ECF No. 20. After reviewing the affidavit, declaration, and hearing from counsel on this matter, the Court has determined that Defense Counsel is entitled to $8,355.36 in attorney fees and costs.

Defendants provide hourly rates ranging from $150 to $355. These rates are reasonable. Experienced attorneys in this district have been awarded fees with hourly rates as high as $500 for representation in FLSA cases. See *White v. Stark County Veterans Service Commission*, No. 5:22-cv-1493, 2023 WL 7130799 at *3 (N.D. Ohio Oct. 30, 2023) (citing *McKnight v. Erico Int'l Corp*, No. 1:21-cv-1826, 2023 WL 2003276 at *13-14 (N.D. Ohio Feb. 8, 2023)). Courts have also approved an average rate of $245.92[8] as reasonably in line with hourly rates awarded in other FLSA cases. The average rate in the instant case is $280.[9] The Court finds Defendants' hourly rates are reasonable.

Defendants request a total of $8,346.50 in fees and costs. The Court has conducted an examination of the time entries provided, and finds Defendants are entitled to $8,355.36 in attorneys' fees and costs, for the reasons below.

Defense counsel is not entitled to fees for work done at the outset of the case that is unrelated to removal or the motions for disqualification or sanctions. Although Attorney Kapitan did not bring this suit in good faith, standard preliminary research not directly related to the

---

by settlement. While Rule 408 allows exceptions, the Court will not order disgorgement of funds paid to Attorney Kapitan from the settlement of that case.
[8] This average includes rates from $650 for one attorney to $155 for law clerks.
[9] The average rate for this case is $280, the sum of (300.00+355.00+315.00+150), which is 1,120 divided by 4.

8

(5:23CV1807)

case's removal or motion for sanctions would have been conducted regardless of whether this case was brought by Attorney Kapitan or a completely different attorney.  Therefore, Defendants will not be awarded for time entries on July 24 or August 1.  ECF No. 20-1.  Defense counsel's time, on July 31, 2023, spent reviewing the Court's previous sanction order and the *Gervasi I* settlement agreement is awarded because that is directly related to Defendants' motions.  ECF No. 20-1 at PageID#: 357.  Accordingly, Defense counsel is awarded $750.00 for work performed on July 31, 2023.

      Defense counsel is entitled to fees for work performed to remove this action to federal court.  Attorney Kapitan brought this action in state court in bad faith.  The time spent remedying that behavior should be awarded.  Defense counsel performed this work on September 5, 12, and 15.  ECF No. 20-1 at PageID#: 361–62.  The Court notes that Defense counsel will not receive fees for emails with Attorney Kapitan trying to resolve the case.  These emails were sent September 14, 21, 22, 29, and 30.  ECF No. 10-5.  The correspondence to Attorney Kapitan on September 19 will also not be reimbursed.  Defendants also request $402, the filing fee for removing the case.  The Court awards this amount. Accordingly, for the work performed to remove the case on September 5, 12, and 15, defense counsel is entitled to $1,894.[10]

      Defense counsel is entitled to an award for work done regarding the motion to disqualify and motion for sanctions, including fees and costs associated with attending the motion hearing.  Had Attorney Kapitan obeyed the *Gervasi I* Order, Defendants would not have had to file the instant motions.  Defense Counsel spent time on these motions on September 28, September 29, and October 2, 3, 17, 18, and 19.  ECF No. 20-1 at PageID#: 365–66.  Defendants are entitled to

---

[10] $1,894.00 = $90.00 + $120.00 + $120.00 + $142.00 + $1,020.00 + $402.00

(5:23CV1807)

$5,114 for these time entries.[11] Because defense counsel's office is 56 miles from the courthouse,[12] and the local rate for such reimbursement is $0.655 per mile, Defendants are entitled to $73.36 for roundtrip travel costs.[13] The hearing lasted 48 minutes. Accordingly, Attorneys Kristen Moore and Garry Corroto are entitled to .8 hours of work at their hourly fees of $300 and $355, respectively. *See* Minutes of Proceedings, 11/29/2023; ECF No. 20. Therefore, Defendants are entitled to $524 in fees for attending the hearing.[14] In total, Defendants are awarded $5,711.36 in fees and costs for bringing the instant motion for disqualification and motion for sanctions.[15]

In total, Defendants are awarded $8,355.36[16] in fees and costs associated with removing this case and bringing the instant motion for disqualification and motion for sanctions.

### VI.

For the reasons stated above, the Court finds that Attorney Kapitan willfully disobeyed the Court's Order in *Gervasi I* by bringing the instant case.

Accordingly, the Court orders the following: (1) Attorney Robert Kapitan is disqualified from representing Plaintiff Holly Ann Corns and any of the other opt-in Plaintiffs dismissed from *Gervasi I* in any suit against Defendants; (2) Attorney Kapitan may not recover fees for any work performed in the instant case; (3) any fees earned for the prosecution of Plaintiff Corn's case and

---

[11] $5,114.00 = $330.00 + $360.00 + $1,500.00 + $90.00 + $270.00 + $142.00 + $780.00 + $142.00 + $1,200.00 + $300.00
[12] The Court used Apple Maps directions from Defendants' Canton office to make this determination. *Plakas Mannos*, https://www.lawlion.com/ (last visited December 7, 2023).
[13] $36.68 = 56 x $0.655; Roundtrip is $73.36.
[14] $524 = ($300 x .8) + ($355 x .8)
[15] $5,711.36 = $5,114 + $73.36 + $524
[16] $8,355.36 = $750 + $1,894.00 + $5,711.36

10

(5:23CV1807)

already paid to Attorney Kapitan are to be regurgitated[17]; and (4) Attorney Kapitan is ordered to reimburse defense counsel $8,355.36 in fees and costs associated with the removal of the case and the filing and prosecution of the motions for disqualification and sanctions.

    IT IS SO ORDERED.

| | |
|---|---|
| December 7, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[17] As an officer of the Court, Attorney Holmes has agreed to collect from Attorney Kapitan, fees dispensed.  The Court leaves the manner of collection to the discretion of Attorney Holmes.

11